Dykmax, J. (dissenting).
This is an action for damages resulting to the plaintiff from personal injuries, and the question for solution is presented by the admission of proof on the trial, of the wages the plaintiff was receiving at the time of the injury. It being the contention of the defendant that the complaint contained no obligation under which said proof was competent or admissible, the same question was raised by exception to the charge as made, and by appropriate requests to charge which were refused. The allegation on that subject is that the plaintiff was injured by a stroke from a derrick which fell or was thrown on him, knocking the plaintiff to the ground from near the top of said building where he was standing, and injuring him about the head and body, and also causing internal injury and great pain and suffering to his damage in the sum of $10,000. Under this averment the plaintiff states that he sustained injuries and endured pain and suffering, but fails to state that he sustained pecuniary loss fróm inability to pursue his ordinary vocation, or in any other-way, and so far as he can discover such an.allegation was contained in the complaint in every case where proof of loss from inability to labor have been received on the trial. The latest and best expression of the court of appeals on the subject is contained in the opinion of that court in the case of Ehrgott v. The Mayor, etc., of New York (96 N. Y., 275). It was there held and ordered in substance that proof which would furnish answers to the question respecting the amount of the plaintiff’s earnings and his capability of earning, would enable the jury to determine his pecuniary loss from his inability to pursue his vocation. In .that case, however, it appears from a recitation in the opinion, at page 277, that the complaint contained an allegation that the plaintiff was prevented for a long time from attending to his business, and that was a sufficient averment to permit the introduction of proof of the loss resulting therefrom. In this case there was no such averment, and no language from which it could be inferred that the plaintiff sustained any pecuniary loss from his inability to labor or attend to business, and without it no proof was admissable on that subject.
The judgment should be reversed and a new trial granted, with costs to abide the event.